**Lealon Keith HOLLIE, Appellant,**

v.

**The STATE of Texas.**

**No. 546–98.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 13, 1999.

Ross Palmie, Houston, for appellant.

John Julian Moore, County Attorney, Columbus, Matthew Paul, State's Atty., Austin, for the State.

---

## OPINION

PER CURIAM.

Appellant was convicted by a jury of the misdemeanor offense of driving while intoxicated. The trial court assessed punishment at confinement in the Colorado County Jail for six months, probated for two years, plus a $1,000.00 fine. The trial court, as a condition of probation, ordered confinement in the Colorado County Jail for forty-five days.

The Houston Court of Appeals, First District, affirmed the conviction but modified the judgment by ordering thirty days' confinement in the county jail as a condition of probation instead of forty-five days as originally ordered by the trial court. *Hollie v. State* 962 S.W.2d 302 (Tex.App.–Houston [1st Dist.] 1998).[1] Appellant filed a petition for discretionary review with this Court alleging two grounds for review. We granted appellant's second ground for review in order to decide whether "the Court of Appeals erred by failing to remand for a new punishment hearing."

We now find that our decision to grant the appellant's petition for discretionary review was improvident. Tex.R.App.Pro. 69.3

Appellant's petition for discretionary review is dismissed.

---

1. For misdemeanor driving while intoxicated, the maximum incarceration period permitted under the Texas Code of Criminal Procedure, Article 42.12, Section 12(a) is thirty days. Article 42.12, V.A.C.C.P., Section 12(a) (1998) states:

"If a judge having jurisdiction of a misdemeanor case requires as a condition of community supervision that the defendant submit to a period of confinement in a county jail, the period of confinement may not exceed 30 days."