Affirmed and Memorandum Opinion filed August 18, 2005









Affirmed and Memorandum Opinion filed August 18, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00176-CR

____________

 

SAMANTHA
LISCUM, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

____________________________________________________________________

 

On Appeal from the County Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1205227

____________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Samantha Liscum was
convicted of driving while intoxicated. 
In five issues, appellant argues that the trial court erred by (1)
overruling appellant=s
objection to improper jury argument, (2) imposing an illegal sentence by
ordering appellant to serve more than thirty days in jail as a condition of
probation, and (3B5)
violating appellant=s
constitutional rights to a jury trial and due process of law by entering
a finding of true to the open container enhancement paragraph.  We affirm.

 








Background

On November 19, 2003, Officer
George Miller of the Houston Police Department observed appellant drive onto a
curb after leaving a restaurant parking lot in west Houston.  Officer Miller followed appellant onto the
Katy Freeway and observed more erratic driving by appellant.  After pulling her over, Officer Miller
smelled alcohol on appellant=s breath
and noticed appellant=s eyes
were glassy and her speech was slurred. 
After appellant refused to perform any field sobriety tests, Officer
Miller arrested appellant.  Additionally,
while conducting an investigation at the scene, Officer Miller found two open
wine bottles on the passenger-side floorboard in appellant=s car.

A jury convicted appellant of
driving while intoxicated.  After finding
two enhancements to be true, including one for possessing an open container of
alcohol, the trial court sentenced appellant to one year in jail, probated for
two years.  As a condition of probation,
the trial court sentenced appellant to 180 days in the New Choices Program at
the Harris County Jail.  This appeal
followed.

Improper
Jury Argument

In her first issue, appellant
argues that the trial court committed reversible error by overruling her
objection to the State=s
improper jury argument.  Officer Miller
first observed appellant when she hit a curb with her car after leaving the
parking lot of a Mexican restaurant. 
Referring to the restaurant, the prosecutor made the following statement
during closing argument:

It=s El T[i]empo Mexican
Restaurant, home of the famous margaritas. 
What you can infer is that [appellant] took off and went there, maybe
she met Nicole, maybe she didn=t and they got loaded to drown out her sorrow.

 

Appellant objected to the statement as being
outside the record, and the trial court overruled appellant=s
objection.








The approved general areas of
jury argument are (1) summation of the evidence, (2) reasonable deduction from
the evidence, (3) answer to argument of opposing counsel, and (4) plea for
law enforcement.  Wesbrook v. State,
29 S.W.3d 103, 115 (Tex. Crim. App. 2000). 
Appellant argues that the prosecutor=s
argument does not fall within any of these approved areas because there was no
evidence presented that appellant consumed margaritas or other alcoholic
beverages at the Mexican restaurant.  The
State concedes that there was no direct evidence that appellant consumed
margaritas at the restaurant; therefore, we will assume, without deciding, that
the argument was inappropriate.

Assuming that the trial court
should have sustained appellant=s
objection, we must determine whether the error warrants reversal.  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998).  Erroneous
rulings related to jury argument are generally treated as nonconstitutional
error under Rule 44.2 of the Texas Rules of Appellate Procedure.  Martinez v. State, 17 S.W.3d 677, 692
(Tex. Crim. App. 2000).  Rule 44.2(b)
provides that nonconstitutional errors that do not affect substantial rights
must be disregarded.  Tex. R. App. P. 44.2(b).  In assessing harm under that standard for
improper jury argument, we must balance the following three factors: (1)
severity of the misconduct, (2) curative measures, and (3) the certainty of
conviction absent the misconduct.  Martinez,
17 S.W.3d at 692B93.  Also, in analyzing the first factor, we
assess the severity of the misconduct in conjunction with the prejudicial
effect of the improper comments.  Hawkins
v. State, 135 S.W.3d 72, 78 (Tex. Crim. App. 2004).








There were no curative measures
taken in the instant case because the trial court overruled appellant=s
objection.  Thus, the second factor
weighs in appellant=s
favor.  However, the other two factors
weigh heavily against appellant. 
Appellant=s
boyfriend testified that at dinner earlier in the night he and appellant each
drank wine; he also testified that they attended a show together and that both
had a mixed drink at the show.  Thus, the
prosecutor=s argument was not the only
suggestion that appellant had been drinking on the night of the offense.  Further, Officer Miller testified that he
first noticed appellant=s car
after it hit a curb, and when he pulled appellant over, he smelled a strong
odor of alcohol and observed that her eyes were glassy and speech was
slurred.  Finally, there was the video
from Officer Miller=s car
that showed appellant=s erratic
driving and showed the wine bottles that Officer Miller recovered from
appellant=s car.  Accordingly, the first factor weighs in the
State=s favor
because the prosecutor=s comment
likely did not have much prejudicial effect on appellant=s case
given the evidence against her. 
Similarly, the third factor also weighs in the State=s favor
because of the likelihood of appellant=s
conviction even without the prosecutor=s
argument.

After balancing the three
factors, we find that any error associated with the prosecutor=s
argument was harmless.  We overrule appellant=s first
issue.

Illegal
Sentence

In her second issue, appellant
argues that the trial court assessed an illegal sentence in violation of
article 42.12, section 12(a) of the Code of Criminal Procedure by ordering
appellant to serve more than thirty days in jail as a condition of
probation.  The trial court ordered
appellant to serve 180 days in the Harris County Jail in order to participate
in the New Choices Program, which apparently is an alcohol rehabilitation
program.  Appellant did not object to
this condition of probation during the sentencing proceedings.

Appellant characterizes the
180-day confinement period as an illegal sentence, but the Court of Criminal
Appeals has expressly held that a condition of probation is part of the
judgment and not part of the sentence.  Speth
v. State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999).  Further, an award of probation is not a
right, but a contractual privilege, and conditions thereof are terms of the
contract entered into between the trial court and the defendant.  Id. at 534.  Conditions not objected to are affirmatively
accepted as terms of the contract.  Id.  By entering into the contractual
relationship without objection, a defendant affirmatively waives any rights
encroached upon by the terms of the contract. 
Id.  A defendant who
benefits from the contractual privilege of probation, the granting of which
does not involve a systemic right or prohibition, must complain at trial to
conditions he finds objectionable.  Id.








Because appellant did not object
to the 180-day confinement condition of probation, she has affirmatively
accepted it as part of the probation contract. 
Appellant has therefore not preserved this issue for review.  See id. at 534B35 &
n.10 (A[S]uch
defects must be timely objected to in order to be raised on appeal.@).  Appellant did complain of this condition in a
later filed motion for new trial; however, because appellant had the
opportunity to object at sentencing and did not,[1]
the motion for new trial also does not preserve this issue for review. See
Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (finding
appellant=s complaint that trial court did
not conduct separate punishment hearing had not been preserved for review by
motion for new trial where appellant had opportunity to object and present
evidence prior to sentencing but did not). 
Accordingly, appellant=s second
issue is overruled.[2]

Open
Container Finding








In her fourth and fifth issues,
appellant argues that because the trial court rather than a jury found the open
container enhancement to be true, appellant=s
constitutional rights to a jury trial and due process of law were
violated.  In her third issue, appellant
argues that the trial court erred by denying her motion for new trial based on
the alleged violation of her right to a jury trial.  In all three issues, the basis of appellant=s
contentions is that the open container question should have been
submitted to the jury because the minimum term of confinement increases
with a true finding.[3]  However, appellant elected to have the trial
court assess punishment rather than the jury. 
Therefore, it was within the province of the trial court, as trier of
fact, to determine the truth of the allegations contained in the open container
enhancement paragraph.  McDonald v. State,
863 S.W.2d 541, 545 (Tex. App.CHouston
[1st Dist.] 1993, no pet.); see also Adams v. State, 40 S.W.3d 142, 146
(Tex. App.CHouston [14th Dist.] 2000, pet.
ref=d)
(noting that when trial court is finder of fact at punishment stage of trial,
trial court has authority to make affirmative finding as to use of deadly
weapon if alleged in the indictment). 
Accordingly, appellant was not denied the right to a jury trial or
denied due process, and the trial court did not err in denying appellant=s motion
for new trial. We overrule appellant=s third,
fourth, and fifth issues.

We
affirm the judgment of the trial court.

 

/s/                    Leslie Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion filed August 18, 2005.

Panel consists of Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  After
announcing appellant=s sentence and conditions of probation, the trial
court asked, AAnything else from the Defense?@  Appellant=s counsel replied, ANo, sir.@





[2]  Appellant
relies on Hollie v. State, 962 S.W.2d 302 (Tex. App.CHouston [1st Dist.] 1998), pet. dism=d, improvidently granted, 984 S.W.2d 263 (Tex. Crim. App. 1999), in support of
her argument that the 180-day confinement condition is illegal.  Hollie does hold that a term of
confinement as a condition of probation that exceeds what is authorized by law
renders the excessive portion of the sentence void and that the issue could be
raised at any time.  Id. at
304.  However, Hollie was decided
before Speth, which holds that a condition of probation is not part of
the sentence and, if disagreed with, must be objected to at trial.  Speth, 6 S.W.3d at 532, 534.  Accordingly, insofar as Hollie conflicts
with Speth, Hollie is no longer good law.





[3]  The minimum
term of confinement for a conviction of driving while intoxicated increases from
three days to six days if the driver had an open container of alcohol in his
immediate possession at the time of the offense.  Tex.
Pen. Code Ann. ' 49.04 (Vernon 2003). 
Based on this increase, appellant also argues that under Apprendi v.
New Jersey, 530 U.S. 466 (2000), the trial court cannot make a fact finding
on the open container issue because it increases appellant=s minimum sentence.  Appellant, however, has misconstrued Apprendi,
which holds, among other things, that A[o]ther
than the fact of a prior conviction, any fact that increases the penalty for a
crime beyond the prescribed statutory maximum must be submitted to a
jury, and proved beyond a reasonable doubt.@  Id. at 490 (emphasis added).  Apprendi, therefore, does not govern
appellant=s case.