NO. 07-07-0116-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2007
_____

THE STATE OF TEXAS, APPELLANT

V.

JEROME PAUL MARROQUIN, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,103-E; HONORABLE RICHARD DAMBOLD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellee, Jerome Paul Marroquin, was indicted for the offense of accident involving injury or death. Appellee subsequently entered a plea of guilty without benefit of a plea bargain. The trial court sentenced appellee to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice, with a fine of $800; however, the sentence was suspended and appellee was placed on probation for a period of eight years. The State of Texas filed notice of appeal alleging in one issue that the sentence was illegal and thereby void. We reverse.

## Background

For the offense that appellee pled guilty to, the range of punishment is imprisonment in the Institutional Division of the Texas Department of Criminal Justice for up to five years or confinement in the county jail for not more than one year, a fine not to exceed $5,000; or both fine and imprisonment or confinement. Tex. Transp. Code Ann. § 550.021(c) (Vernon Supp. 2007). At the time of the plea, appellee signed a written admonishment stating that the offense in question was a third degree felony with a range of punishment of confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of not more than 10 years or less than two years and a fine not to exceed $10,000. So too was appellee admonished orally by the trial court. After receiving the plea and finding appellee guilty, the trial court entered the sentence of eight years confinement, probated for eight years, and a fine of $800. The State alleges in its one issue that the sentence pronounced and entered by the trial court is an illegal sentence because it is outside the punishment range authorized by law. Appellee acknowledges that the term of imprisonment is above the maximum allowed by the statute, but, urges that this court has the authority to reform the judgment.

## Analysis

The facts as reflected above are agreed by both parties to this appeal. It is further agreed by the parties that the sentence imposed was not within the applicable punishment range of the statute. See Tex. Transp. Code Ann. § 550.021(c) (Vernon Supp. 2007). The contested issue concerns how the illegal sentence should be corrected.

2

A sentence that is outside the maximum or minimum authorized by law is an illegal sentence. See Mizell v. State, 119 S.W.3d 804, 805 (Tex.Crim.App. 2003). An illegal sentence is considered a void sentence. See Ex parte Seidel, 39 S.W.3d 221, 225 (Tex.Crim.App. 2001). When the appellate court is dealing with a void sentence, the only action available is to remand the case to the trial court for a new trial on the issue of punishment. See Ex parte Johnson, 697 S.W.2d 605, 607 (Tex.Crim.App. 1985).

Appellee argues that the court can simply reform the judgment citing Hollie v. State, 962 S.W.2d 263 (Tex.App.–Houston [1st Dist.] 1998), pet. dism'd, 984 S.W.2d 302 (Tex.Crim.App. 1999). Hollie involved a sentence of probation for a DWI wherein the defendant was ordered to serve 45 days in jail as a term and condition of probation. At the time, the maximum term of confinement that could be ordered as a term of probation was 30 days. The appellate court simply modified the 45 days to 30 days without sending the case back for a new trial on the issue of punishment. The Hollie case was decided prior to the Court of Criminal Appeals holding that a term of probation is part of the judgment and not part of the sentence. Speth v. State, 6 S.W.3d 530, 532 (Tex.Crim.App. 1999). Therefore, the analysis drawn by the appellee based upon the Hollie decision is not applicable.

Accordingly, we are left with a void sentence in the judgment of the trial court. We must, therefore, reverse the judgment of the trial court. Further, since the basis of the reversal is predicated on an error made during the punishment stage of the trial, the court shall commence the new trial as if a finding of guilt had been made and proceed to punishment. TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2007).

3

## Conclusion

The judgment of the trial court is reversed and the cause is remanded for a new punishment trial.


Mackey K. Hancock
                                    Justice


Publish.