



# MEMORANDUM OPINION

No. 04-10-00895-CR

Dan **GRANDBERRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2004CR7793
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  November 2, 2011

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

A jury found appellant Dan Grandberry guilty of two counts of aggravated sexual assault of a child, one count of indecency with a child by contact, and one count of indecency of a child by exposure.  Grandberry requested the trial court assess punishment, and the trial court sentenced Grandberry to sixty years confinement.  On appeal, Grandberry contends the sentences for two of the four convictions were void and illegal.  Grandberry does not challenge the trial

court's judgment as to the other two convictions. We affirm in part and reverse and remand in part.

## BACKGROUND

A factual rendition is unnecessary to our disposition of this appeal. Accordingly, we provide only the procedural background necessary to resolve Grandberry's issues.

Grandberry was indicted on six counts: (1) Count I – aggravated sexual assault of a child under the age of fourteen; (2) Count II – aggravated sexual assault of a child under the age of fourteen; (3) Count III – indecency with a child by contact; (4) Count IV – indecency with a child by contact; (5) Count V – indecency with a child by contact; and (6) Count VI – indecency with a child by exposure. All of the counts related to the same victim, and all were alleged to have occurred on the same day.

After hearing the evidence, the jury convicted Grandberry of Counts I, II, IV, and VI. The trial court entered judgments of acquittal as to Counts III and V.

Grandberry elected to have the trial court assess punishment. The indictment did not contain any enhancement allegations, and the State did not file a notice of intent to seek enhancement. The State conceded at the punishment phase of the trial that the indictment did not contain enhancement allegations and it had not filed notice of intent to seek enhancement. Nevertheless, the State introduced into evidence at the punishment phase a pen packet showing Grandberry had two prior felony convictions. At the punishment hearing, the trial court acknowledged, based on Grandberry's objection and the State's concession, that the indictment did not contain any enhancement allegations and the State had not filed a notice indicating it intended to use Grandberry's prior convictions for purposes of enhancement. At the conclusion of the sentencing hearing, the trial court stated, "I'm going to assess a 60-year term in the Texas

Department of Corrections [sic]." The trial court did not differentiate between the four counts when it orally assessed punishment, and the judgment of conviction purports to assess concurrent sixty-year sentences.

Grandberry filed a pro se notice of appeal, and was thereafter appointed appellate counsel. On appeal, Grandberry raises two issues, contending: (1) the sixty-year sentence imposed for the conviction under Count IV of the indictment is void and illegal because it is outside the range of punishment for a second degree felony; and (2) the sixty-year sentence imposed for the conviction under Count VI of the indictment is void and illegal because it is outside the range of punishment for a third degree felony. Grandberry does not raise any challenge to the judgment as to Counts I and II.

### ANALYSIS

Grandberry was convicted under Count IV of the indictment of indecency with a child by contact. Indecency with a child by contact is a second degree felony. TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2010). The range of punishment for a second degree felony, unless enhanced, is confinement for two to twenty years and a fine not to exceed $10,000.00. *Id.* § 12.33. Grandberry was also convicted under Count VI of the indictment of indecency with a child by exposure, which is a third degree felony. *Id.* § 21.11(A)(2), (d). A felony of the third degree, unless enhanced, carries a punishment range of two to ten years confinement and a fine not to exceed $10,000.00. *Id.* § 12.34.[1]

A defendant is entitled to notice if prior convictions are to be used for enhancement. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). Alleging an enhancement in an

---

[1] The other counts upon which Grandberry was convicted, aggravated sexual assault of a child, are felonies of the first degree with a punishment range of confinement for life or for any term of not more than ninety-nine years or less than five years, plus a fine not to exceed $10,000.00. *Id.* § 12.33.

indictment is not the only method of providing the required notice, but notice of intent to enhance a sentence must be provided to the defendant by the State. *Id.* at 34.

Here, Grandberry had two prior felony convictions–one for possession of a controlled substance and one for aggravated sexual assault of a child. Although it introduced evidence of those prior convictions at the punishment phase, the State conceded it did not include any enhancement allegations in the indictment, nor did it provide notice of intent to use the prior convictions for enhancement purposes. Moreover, the State admits in its appellate brief that "the State did not intend to use [Grandberry's] prior convictions to enhance the punishment range of any of the counts alleged in the indictment and there was no pleading sufficient to afford [Grandberry] proper notice of intent to enhance punishment." Accordingly, we hold the trial court could not properly consider the prior convictions to enhance Grandberry's sentences.

A defendant has an absolute and nonwaiveable right to be sentenced within the proper range of punishment as established by the Legislature. *Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). A sentence that is outside the statutory minimum or maximum is an illegal sentence, and an illegal sentence is void. *Mizell*, 119 S.W.3d at 806 & n.7; *State v. Marroquin*, 253 S.W.3d 783, 784-85 (Tex. App.—Amarillo 2007, no pet.).

In this case, the trial court sentenced Grandberry to sixty years confinement on Counts IV and VI when the proper range of punishment could not exceed, respectively, twenty and ten years. The trial court therefore sentenced Grandberry outside the proper ranges of punishment, which renders the sentences illegal and void. An illegal sentence "has no legal effect." *Id.* at 806.

Because the trial court imposed sentences outside the statutory range, the sentences relating to Counts IV and VI are illegal and void. *See id.* We therefore hold the trial court erred in imposing these void and illegal sentences and sustain Grandberry's issues.

## CONCLUSION

We hold, and the State agrees, the sentences imposed by the trial court as to Counts IV and VI are illegal, and therefore void. When an appellate court is dealing with a void sentence, the only available action is to remand the case for a new trial on punishment. *Marroquin*, 253 S.W.3d at 785 (citing *Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex. Crim. App. 1985)). Accordingly, we reverse the judgment of the trial court as to Counts IV and VI and remand the matter to the trial court for a new trial on punishment as to those counts. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West 2011). We affirm the trial court's judgment as to the other counts upon which Grandberry was convicted and properly sentenced.

Marialyn Barnard, Justice

Do Not Publish