

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00219-CR

ROBERT LANE LEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 22,237-C, Honorable Ana Estevez, Presiding

May 31, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Robert Lane Lee, appeals his conviction for possession of a controlled substance, listed in Penalty Group 1, of less than one gram.[1] After receiving evidence regarding punishment, the trial court sentenced appellant to serve 15 months in a State Jail Facility (SJF) and a fine of $1,000.00. Appellant appeals contending that the trial court erred in failing to place appellant on mandatory community supervision, and entering a judgment that assessed a fine of $1,000.00 when no oral pronouncement of

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010).

the fine was made at the time appellant was sentenced. We will reverse and remand for a new punishment hearing.

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to support his conviction; therefore, we will omit references to the facts concerning appellant's arrest. After a bench trial, appellant was convicted of possession of a controlled substance, less than one gram, listed in Penalty Group 1. Following his conviction, the trial court heard the evidence regarding punishment. During this phase of the trial, the trial court heard a substantial amount of evidence regarding appellant's convictions for numerous misdemeanor offenses. Of particular note to the proceedings, the trial court heard testimony regarding appellant's conviction for the offense of credit card abuse.[2] Initially, appellant was placed on deferred adjudication community supervision. Then, following the State's motion to adjudicate appellant guilty, appellant was continued on deferred adjudication with amended terms and conditions of community supervision. Following another motion to adjudicate appellant guilty, the State and appellant entered into a plea bargain whereby appellant was found guilty of credit card abuse, a felony, but was sentenced, pursuant to section 12.44(a) of the Texas Penal Code, as a misdemeanor. See TEX. PENAL CODE ANN. § 12.44(a) (West 2011).[3]

---

[2] At the time of appellant's conviction, credit card abuse was a felony offense. See Acts 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 936-37, amended by, Acts 1993, 73rd Leg., R.S., ch. 900, 1993 Tex. Gen. Laws 3644-45 (current version at TEX. PENAL CODE ANN. § 32.31 (West 2011)).

[3] Further reference to the Texas Penal Code shall be by reference to "section ____" or "§ ____."

After receiving the punishment evidence in the instant case, the trial court pronounced appellant's sentence at confinement in a SJF for 15 months. Subsequently, the trial court signed a judgment that ordered confinement in a SJF for 15 months, and a fine of $1,000.00. This appeal followed.

Through two issues, appellant contends that the sentence pronounced by the trial court was illegal because the law required the trial court to sentence appellant to community supervision. Additionally, appellant contends that the orally pronounced sentence, which did not contain an order to pay a fine, controls over the written judgment. We agree with appellant and will reverse the sentence and remand the case to the trial court for a new punishment trial.

Analysis

Initially we note that the State has candidly confessed that appellant's position is correct on both issues. As to the first issue, appellant was convicted of possession of less than one gram of a controlled substance listed in Penalty Group 1. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b). Subsection (b) provides that "an offense under Subsection (a) is a state jail felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram." Id. As a state jail felony offense, it is punishable by confinement for not less than 180 days nor more than two years in a SJF, and an optional fine not to exceed $10,000.00. See § 12.35 (West Supp. 2012).

However, a conviction of a state jail felony offense under section 481.115(b) of the Texas Health & Safety Code carries with it a mandatory sentence of community

3

supervision unless the case falls within certain exceptions.  See TEX. CRIM. PROC. CODE ANN. art. 42.12, § 15(a)(1) (West Supp. 2012).  Specifically, as applicable to this case, unless the appellant had previously been convicted of a felony offense, other than one punished under section 12.44(a), he is required to be sentenced to community supervision.  Id.  Inasmuch as appellant's previous felony offense was punished under section 12.44(a), the trial court was required to sentence appellant to community supervision.  Sentencing appellant to 15 months confinement in a SJF resulted in appellant being sentenced outside the maximum permitted by law.  Consequently, this is then a void sentence.  See State v. Marroquin, 253 S.W.3d 783, 784-85 (Tex.App.— Amarillo 2007, no pet.).  Accordingly, appellant's first issue is sustained.[4]  Because we are left with a void sentence, we must reverse and remand for a new trial as if a finding of guilt had been made and the trial court proceeded to punishment.  See TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2012); Marroquin, 253 S.W.3d at 785.

## Conclusion

The judgment of the trial court is reversed and the cause is remanded for a new punishment trial.

Mackey K. Hancock<br>
Justice

Do not publish.

---

[4] We note that the record reflects that appellant is also correct in his contention that the trial court's oral pronouncement of sentence did not include a fine of $1,000.00. See Taylor v. State,131 S.W.3d 497, 500 (Tex.Crim.App. 2004).