**The STATE of Texas, Appellant,**

v.

**Jeffrey ROWAN, Appellee.**

**No. 01–96–00003–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 13, 1996.

Judy Ritts, William Burge, Houston, for Appellant.

John B. Holmes, Jr., Calvin Hartmann, Houston, for Appellee.

Before COHEN, MIRABAL and ANDELL, JJ.

## OPINION

COHEN, Justice.

Appellee pleaded guilty without an agreed recommendation to the state jail felony of possession of cocaine [1] and true to the commission of two prior felonies for burglary and attempted aggravated assault. The trial court used the punishment range for a Class A misdemeanor and sentenced appellee to 180 days in jail. The State appeals with a single point of error and argues the trial court imposed an illegal sentence because the court did not punish appellee under the former habitual offender law.[2] We affirm the trial court's judgment as to appellee's conviction, and we reverse the trial court's judgment as to appellee's punishment and remand the cause to the trial court for a new punishment hearing.

■ The State argues the sole issue is whether former Penal Code section 12.42(d), dealing with the punishment of habitual offenders, applies when a defendant is convicted of a state jail felony that does not involve the use of a deadly weapon and is enhanced by two felony convictions that are not state jail offenses. The trial court filed findings of fact and conclusions of law, concluding the punishment provisions of section 12.35(a) and (b) were applicable to the case. TEX. PENAL

CODE ANN. § 12.35(a), (b) (Vernon 1994). However, the judgment shows the court actually sentenced appellee using the punishment range for a Class A misdemeanor under former section 12.44(a).[3]

■ Under the current version of section 12.44(a), the court's judgment purported to reduce the appellee's punishment to that of a **Class A** misdemeanor. TEX. PENAL CODE § 12.44(a) (Vernon Supp.1996). However, the appellee committed the charged offense on August 18, 1995. The 1993 version of section 12.44(a) provided that a court could punish a defendant convicted of a state jail felony by imposing the confinement permissible as punishment for a **Class B** misdemeanor, a fine not to exceed $10,000, or both.[4] Since the current version of section 12.44(a) only applies to an offense committed on or after the effective date of the Act, i.e., September 1, 1995, the judgment illegally imposed confinement permissible as punishment for a Class A misdemeanor. See Act of May 29, 1995, 74th Leg., R.S., ch. 318, §§ 84, 85, 1995 Tex. Gen. laws 2734, 2763 (effective date of 1995 amendments).

■ If punishment is not authorized by law, the portion of the sentence imposing that punishment is void. *Fullbright v. State,*

---

1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1996).

2. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.42(d), 1993 Tex. Gen. Laws 3586, 3604 (former TEX. PENAL CODE ANN. § 12.42(d)) ("If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years."), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, sec. 1, § 12.42(d), 1995 Tex. Gen. Laws 2734, 2735 (TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1996)) ("If it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the

Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.").

3. When the court's judgment conflicts with other portions of the record, the judgment controls. *See Flores v. State,* 524 S.W.2d 71, 72 (Tex.Crim. App.1975) (judgment controls over docket entry); *Hubbard v. State,* 896 S.W.2d 359, 361 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (signed judgment controls over oral rendition).

4. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.44(a), 1993 Tex. Gen. Laws 3586, 3605 (former TEX. PENAL CODE ANN. § 12.44(a)) (court may punish defendant convicted of state jail felony by imposing confinement permissible for Class B misdemeanor, fine not to exceed $10,000, or both fine and confinement), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, sec. 3, § 12.44(a), 1995 Tex. Gen. Laws 2734, 2735 (TEX PENAL CODE ANN. § 12.44(a) (Vernon Supp.1996)) (court may punish defendant convicted of state jail felony by imposing confinement permissible for Class A misdemeanor).

818 S.W.2d 808, 809 (Tex.Crim.App.1991); *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App.1991). A sentence not authorized by law is void and may be raised at any time. *Fullbright,* 818 S.W.2d at 809; *Heath,* 817 S.W.2d at 336. Appellee's sentence was not authorized by law because he was punished using the range for a Class A misdemeanor rather than a Class B misdemeanor. However, appellee's actual sentence, 180 days, was in the permissible range for both Class A and Class B misdemeanors. *See* TEX. PENAL CODE § 12.21(2) (Vernon 1994) (one-year jail term maximum confinement for Class A misdemeanor); TEX. PENAL CODE § 12.22(2) (Vernon 1994) (180-day jail term maximum confinement for Class B misdemeanor).

We must consider whether we may modify the judgment to show the trial court intended to sentence appellee using the punishment for a Class B misdemeanor. When this Court has the necessary data and evidence before it to reform the judgment and sentence, we may do so on appeal. TEX.R.APP. P. 80(b)(2); *Banks v. State,* 708 S.W.2d 460, 462 (Tex.Crim.App.1986); *see also Blacklock v. State,* 820 S.W.2d 882, 886 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). As previously stated, appellee's 180-day sentence is within the range of punishment available for a person convicted of either a Class A or Class B misdemeanor. *See* TEX. PENAL CODE ANN. §§ 12.21(2), .22(2) (Vernon 1994).

■ If the trial court believed, as the judgment recites, that appellee was subject to the punishment range for a Class A misdemeanor, then 180 days is a mid-range sentence. That sentence, however, is the maximum confinement allowable under the punishment range for a Class B misdemeanor, which was the correct range allowable under former section 12.44(a) for a state jail felony committed before September 1, 1995. We cannot presume that the trial court would have sentenced appellee to 180-days confinement if the trial court had correctly used the punishment range for a Class B misdemeanor. Appellee is, therefore, entitled to a new punishment hearing.

■ Turning to the merits of the State's appeal, the State does not specifically argue the trial court imposed an illegal sentence by sentencing appellee for a Class A misdemeanor under section 12.44(a) instead of sentencing appellee as a habitual offender under former section 12.42(d). Nevertheless, this Court has already considered this issue. In *State v. Bingham,* we held that former section 12.42(d) does not apply when a trial court sentences a defendant convicted of a state jail felony to the punishment for a Class B misdemeanor under section 12.44(a) rather than section 12.42(d). *Bingham,* 921 S.W.2d 374 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Accordingly, we overrule the State's sole point of error.

Appellee brings a conditional cross-point in the event that we sustain the State's point of error. We do not reach appellee's cross-point in light of our disposition of the State's point of error.

We affirm the trial court's judgment as to appellee's conviction, and we reverse the trial court's judgment as to appellee's punishment and remand the cause to the trial court for a new punishment hearing at which the trial court should assess punishment within the range for a Class B misdemeanor. TEX.CODE CRIM. P. ANN. art. 44.29(b) (Vernon Supp. 1996).