# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00049-CR

**Shamane Forcey, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
### NO. 2002-023, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## O P I N I O N

Appellant Shamane Forcey was indicted for the offenses of aggravated robbery and attempted capital murder. Forcey pleaded guilty to the charge of aggravated robbery, a first-degree felony, *see* Tex. Penal Code Ann. § 29.03 (West 2003), pursuant to a plea agreement, and the State dismissed the charge of attempted capital murder. The trial court assessed punishment at 25 years' confinement and a $10,000 fine. While Forcey did not initially appeal his conviction, an out-of-time appeal was granted by the Texas Court of Criminal Appeals and the trial court certified Forcey's right to appeal. On appeal, Forcey argues that his guilty plea was involuntary because (1) the trial court failed to admonish him that he had a right to withdraw his plea if the plea agreement was not followed, (2) the trial court failed to follow the plea agreement, and (3) he received ineffective assistance of counsel because his trial counsel failed to inform him of his right to withdraw the plea. Because we have determined that the trial court inadvertently assessed a fine exceeding the plea

agreement but that this error did not render Forcey's guilty plea involuntary, we modify the trial court's judgment and affirm the judgment as modified.

**BACKGROUND**

On July 28, 2001, a man entered a convenience store in Caldwell County and robbed the store manager at gunpoint. According to the statement of the store manager, the man who robbed him pulled the trigger on his gun, but the gun never fired. Several days later, Luling police officers served an unrelated warrant on an individual who stated that he had heard Shamane Forcey bragging about robbing a local convenience store, including that he had pulled the trigger on his gun, but that it did not fire.[1] The police went to Forcey's residence and spoke with his grandmother, but were unable to contact Forcey. Forcey turned himself in to the Luling Police Department later that day. After receiving his *Miranda* warnings,[2] Forcey gave a tape-recorded statement admitting to the robbery but denying having pulled the trigger on his gun.

After plea negotiations, Forcey and the State reached an agreement for a maximum sentence of 50 years and a $2,000 fine for the count of aggravated robbery, with the State agreeing to dismiss the attempted murder charge. Forcey signed a plea agreement, which contained an admonishment that if the trial court chose not to follow the punishment recommendations found in the plea agreement, "Defendant shall be permitted to withdraw his plea of guilty or nolo contendere (no contest)."

---

[1] This informant later gave a written statement that differed slightly from the initial conversation he had with police, as described in the police report. According to the written statement, Forcey had bragged about the robbery to the informant's cousin, who then told the story to the informant.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

Prior to accepting Forcey's guilty plea, the trial court asked, "Before you signed and initialed [the plea agreement] in this case, did you read the document, understand it completely and go over it with your attorney . . . ?" Forcey responded, "Yes, sir." The trial court then questioned Forcey regarding his understanding of the plea-bargain process, stating, "And do you understand that if that judge decides that the 50-year sentence is too lenient, that you should have more time in incarceration as punishment, then the plea bargain is totally set aside? . . . Are you aware of that?" Again, Forcey responded, "Yes, sir." During the plea hearing, the trial court mentioned the 50-year cap on imprisonment five times. No mention was made of the $2,000 fine cap by any party at either the plea hearing or the punishment hearing.

In both its written judgment and oral pronouncement, the trial court assessed punishment at 25 years' confinement and a $10,000 fine, exceeding the maximum fine of $2,000 under the plea agreement. After his conviction, Forcey filed a petition for writ of habeas corpus, alleging, among other things, that trial counsel was ineffective for failing to file a notice of appeal. The court of criminal appeals granted Forcey an out-of-time appeal, and this appeal followed.

There is some dispute regarding whether Forcey was able to read and write at the time he entered his plea. Forcey testified at the hearing on his petition for writ of habeas corpus that, despite having graduated from high school, he could not read or write at the time he pleaded guilty in this case. His trial counsel, however, testified that she believed Forcey was able to read and comprehend the plea papers that he signed. Furthermore, Forcey acknowledged sending a two-page handwritten letter to the trial court on August 20, 2002, the month after his plea was entered, requesting that the trial court reduce his sentence.

In findings of fact and conclusions of law, the trial court stated that it "intended to stay within the plea bargain and was unaware at the time of sentencing that there was a cap on the fine. In this Court's experience, it is extremely unusual to have a cap as high as fifty (50) years on a first degree felony that includes a cap on the fine." The court further stated, "Neither the State nor the defense nor anyone made the Court aware that it had exceeded the fine cap. Had anyone brought it to my attention, I would have reformed the sentence to $2,000.00."

In three points of error, Forcey argues that his guilty plea was involuntary because (1) the trial court failed to admonish him of his right to withdraw his plea if the plea agreement was not followed, (2) the sentence imposed exceeded the terms of the plea agreement, and (3) his trial counsel was ineffective in failing to inform him of his right to withdraw the plea.

**DISCUSSION**

In his first issue on appeal, Forcey argues that his guilty plea was involuntary because the trial court failed to admonish him regarding his right to withdraw the plea when the sentence exceeded the plea agreement. Prior to accepting a guilty plea made pursuant to a plea bargain, a trial court must admonish the defendant of the fact that the plea agreement is not binding on the court, inform the defendant whether the court will accept or reject the plea agreement, and if the agreement is rejected, permit the defendant to withdraw his plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West Supp. 2008). In the present case, the trial court inadvertently exceeded the plea agreement in sentencing Forcey, without informing him that the plea agreement had been rejected or giving him an opportunity to withdraw. The admonishment required by article 26.13 may be given orally or in writing, *id.* art. 26.13(d), and the plea agreement, signed by both Forcey and his counsel, included

4

a written admonishment regarding the right to withdraw the plea in the event that the plea agreement was rejected by the trial court. However, in light of the dispute regarding whether Forcey was able to read or write at the time of trial, as well as the fact that the trial court sentenced Forcey outside the plea agreement without informing him that the plea agreement had been rejected, we will assume without deciding that the written admonishment was inadequate under the circumstances. *See Gonzales v. State*, 963 S.W.2d 844, 846 (Tex. App.—San Antonio 1998, no pet.) (noting that voluntariness of plea is determined by totality of circumstances surrounding entry of plea).

In reviewing a trial court's failure to admonish a defendant under article 26.13, we will not overturn the conviction unless, after examining the record, we conclude that the defendant was not aware of the consequences of his plea and that he was misled or harmed by the lack of admonishment. *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). In this context, "harm" means that "appellant probably would not have pleaded guilty but for the failure to admonish." *Id.* at 638 n.14. Reversal is only warranted if "the error may have had a 'substantial influence' on the outcome of the proceeding." *Webb v. State*, 156 S.W.3d 653, 655 (Tex. App.—Dallas 2005, pet. ref'd).

We may assume from the trial court's statements on the record that, had it been aware that the sentence imposed exceeded the plea agreement, it would have modified the sentence to reflect a $2,000 fine. *See State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005) (holding that trial court may modify sentence "on the same day as the assessment of the initial sentence and before the court adjourns for the day"). Such a modification would have rendered any further admonishment inapplicable to Forcey because he would no longer have had a right to withdraw his plea. *See Carranza v. State*, 980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998) (noting that failure

to admonish is harmless error where admonishment is legally inapplicable to defendant). Therefore, we conclude that the trial court's failure to orally admonish Forcey regarding rejection of the plea bargain and his right to withdraw the plea did not have a substantial effect on the outcome of the proceeding and that Forcey suffered no harm as a result.[3] Forcey's first point of error is overruled.

In Forcey's second point of error, he argues that his plea was rendered involuntary when the trial court rejected the plea bargain by imposing a fine greater than the plea agreement's maximum of $2,000. We have the authority to modify the judgment of the trial court on appeal, *see* Tex. R. App. P. 43.2(b), including modifying punishment to accurately reflect the intent of the trial court. *See McCray v. State*, 876 S.W.2d 214, 217 (Tex. App.—Beaumont 1994, no pet.) (modifying judgment so that sentence was within applicable range of punishment where trial court's intent to impose maximum sentence was clear from record); *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (modifying judgment to reflect conviction of lesser-included offense); *McGill v. State*, 200 S.W.3d 325, 329 (Tex. App.—Dallas 2006, no pet.) (modifying judgment to delete deadly-weapon finding not supported by evidence). In its findings of fact and conclusions of law issued in connection with Forcey's habeas petition, the trial court recommended that the sentence be modified to "set the fine at the stated $2,000.00 as the trial court intended." Given the

---

[3] In addition, Forcey's testimony at the writ hearing reflects an understanding of the consequences in the event that the trial court rejected the plea bargain, as well as an overriding concern with the amount of jail time he received, rather than the amount of fine imposed. He testified that his counsel had reviewed the plea paperwork with him, and that "the Judge said if he doesn't go along with the plea bargain that it'll be dropped and both charges will be picked up again." Forcey repeatedly expressed dissatisfaction with the amount of jail time he received, stating, "I didn't want 25 years," and complaining that his trial counsel had assured him he would only receive a ten-year sentence.

trial court's clear intent to sentence Forcey within the confines of the plea agreement, we modify the judgment to reflect a sentence of 25 years' incarceration and a $2,000 fine, rather than a $10,000 fine. This modification renders Forcey's second point of error moot.

In Forcey's third point of error, he argues that his guilty plea was rendered involuntary by the ineffective assistance of his trial counsel in failing to inform him of his right to withdraw his plea when the trial court imposed a $10,000 fine. When an appellant challenges the voluntariness of his plea on the basis of ineffective assistance of counsel, we review "(1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex Parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Without addressing whether Forcey's trial counsel acted within the necessary range of competence, we conclude that Forcey's plea was voluntary because he cannot establish a reasonable probability that he would have withdrawn his plea if counsel had informed him of his right to do so. As previously addressed in relation to Forcey's first point of error, we can assume that, had counsel brought the plea bargain to the trial court's attention at the sentencing hearing in an attempt to withdraw the plea, the trial court would have modified the sentence to reflect a fine of $2,000 and Forcey would no longer have had a right to withdraw. In light of the trial court's stated intent to sentence Forcey within the confines of the plea agreement, we cannot conclude that, but for trial counsel's actions, Forcey would have withdrawn his plea. As a result, Forcey's third point of error is overruled.

## CONCLUSION

Because we have determined that the trial court inadvertently assessed punishment exceeding the plea agreement, but that Forcey's guilty plea was nonetheless voluntary, we will modify the trial court's judgment to assess punishment at 25 years' imprisonment and a $2,000 fine, rather than a $10,000 fine, and we will affirm the judgment as modified.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Modified and, as Modified, Affirmed

Filed:   September 10, 2008

Publish

8