NUMBER 13-08-537-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


OWEN THOMAS HARRIS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela



 Appellant, Owen Thomas Harris, was indicted for three counts of indecency with a
child by exposure, (1) a third-degree felony. See Tex. Penal Code Ann. § 21.11(a)(2)(A), (d)
(Vernon Supp. 2009). He pleaded guilty to all three counts without a recommended
punishment. After a punishment hearing, the trial court sentenced him to ten years'
imprisonment for each count, with the sentences for counts 1 and 2 running consecutively
and the sentence for count 3 running concurrently with counts 1 and 2. In three issues,
appellant complains that: (1) the evidence is insufficient to support his guilty plea; (2)
double jeopardy barred multiple prosecutions and punishments for the same offense; and
(3) he received ineffective assistance of trial counsel. We affirm.

I. Sufficiency of the Evidence


 In his first issue, appellant contends that the evidence is insufficient to support his
guilty plea because the State did not introduce the judicial confession and the written
stipulation as required by article 1.15 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).

A. Applicable Law

 The United States Constitution does not require the State to present evidence in
support of a guilty plea in Texas courts. Menefee v. State, 287 S.W.3d 9, 13 (Tex. Crim.
App. 2009). Article 1.15 of the code of criminal procedure constitutes "an additional
procedural safeguard required by the State of Texas but not by federal constitutional law." 
Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). In Texas, "[n]o trial court
is authorized to render a conviction in a felony case, consistent with Article 1.15, based
upon a plea of guilty 'without sufficient evidence to support the same.'" Menefee, 287
S.W.3d at 13; see Tex. Code Crim. Proc. Ann. art. 1.15. 

 With respect to the form of evidence required by article 1.15, the court of criminal
appeals has explained:

 Evidence offered in support of a guilty plea may take many forms. The
statute expressly provides that the defendant may consent to the proffer of
evidence in testimonial or documentary form, or to an oral or written
stipulation of what the evidence against him would be, without necessarily
admitting to its veracity or accuracy; and such a proffer or stipulation of
evidence will suffice to support the guilty plea so long as it embraces every
constituent element of the charged offense. Alternatively, our case law has
recognized that the defendant may enter a sworn written statement, or may
testify under oath in open court, specifically admitting his culpability or at
least acknowledging generally that the allegations against him are in fact true
and correct; and again, so long as such a judicial confession covers all of the
elements of the charged offense, it will suffice to support the guilty plea.

Menefee, 287 S.W.3d at 13 (footnote omitted).

B. Analysis

 At the plea hearing, the State did not introduce either a written stipulation of
evidence or a written judicial confession. The State contends that appellant's testimony
adduced at the punishment hearing independently served to provide evidentiary support
for his guilty plea. (2) Taking into account all of appellant's testimony at the punishment
hearing, appellant did not specifically admit his culpability or at least acknowledge generally
that the allegations against him are in fact true and correct. He also did not acknowledge,
independent of his guilty plea, that he committed all of the elements of the charged
offense. See Menefee, 287 S.W.3d at 13; see also Tex. Penal Code Ann. § 21.11(a)(2)(A)
(stating the elements of indecency with a child by exposure). (3) Accordingly, appellant's
testimony does not support the guilty plea, (4) and therefore, the conviction constituted trial
error. See Menefee, 287 S.W.3d at 14 (stating that "[a] conviction rendered without
sufficient evidence to support a guilty plea constitutes trial error.").

3. Harm

 "'[I]t is the responsibility of the reviewing court, once it concludes there was error,
to determine whether the error affected the judgment.'" Id. at 19 n.48 (quoting Ford v.
State, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002)). Insufficient evidence to substantiate
appellant's guilty plea under article 1.15 is subject to a harmless-error analysis under rule
44.2(b) of the Texas Rules of Appellate Procedure. Id. at 18. (5) "Pursuant to Texas Rule
of Appellate Procedure 44.2(b), any non-constitutional error that does not affect appellant's
substantial rights must be disregarded." Haley v. State, 173 S.W.3d 510, 518 (Tex. Crim.
App. 2005) (citing Tex. R. App. P. 44.2(b)). "A substantial right is affected when the error
had a substantial and injurious effect or influence in determining the [fact finder's] verdict." 
Id.; Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). "A criminal conviction
should not be overturned for non-constitutional error if the appellate court, after examining
the record as whole [sic], has fair assurance that the error did not influence the jury, or had

 but a slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

 In Haley, the court of criminal appeals stated: 

 In assessing the likelihood that the [fact finder's] decision was adversely
affected by the error, an appellate court should consider everything in the
record, including any testimony or physical evidence admitted for the [fact
finder's] consideration, the nature of the evidence supporting the verdict, the
character of the alleged error and how it might be considered in connection
with other evidence in the case. The reviewing court may also consider the
jury instructions, the State's theory and any defensive theories, closing
arguments, voir dire, and whether the State emphasized the error.


Haley, 173 S.W.3d at 518-19.

 Here, appellant was charged with three counts of indecency with a child by
exposure. He pleaded guilty to the three counts in open court. In connection with entering
his plea, appellant signed a document entitled, "Defendant's Statement Understanding
Admonishments," upon which he placed his initials in the space that preceded the phrase,
"I enter my plea of guilty because I am in fact guilty of said offense." Appellant is not
arguing that he is innocent of the three counts of indecency with a child by exposure or that
he was somehow tricked into pleading guilty to an offense that never occurred. 
Furthermore, appellant is not arguing that independent evidence of his guilt does not exist
or that evidence does not support his punishment. But for the failure of the prosecutor to
introduce either a written stipulation of evidence or a written judicial confession, appellant
would not have before this Court the argument he now contends should result in an
acquittal. After examining the record as a whole, including appellant's testimony at the
punishment hearing, we have a fair assurance that the lack of substantiating evidence did
not influence the trial court's verdict, or had but a slight effect. Accordingly, the error did
not have a substantial and injurious effect or influence in determining the trial court's
verdict, and therefore, did not affect appellant's substantial rights. We hold that appellant
was not harmed by the error. Issue one is overruled.

II. Double Jeopardy


 In his second issue, appellant contends that the trial court erred in its conviction and
subsequent punishment for three separate counts of indecency with a child by exposure,
all arising from the same criminal episode, when the offense is a non-victim-based crime
for which double jeopardy bars multiple prosecutions.

 The Double Jeopardy Clause of the Fifth Amendment (6) "protects an accused against
a second prosecution for the same offense for which he has been previously acquitted or
previously convicted. It also protects him from being punished more than once for the
same offense in a single prosecution." Gonzales v. State, No. PD-0337-09, 2010 WL
625056, at *4 (Tex. Crim. App. Feb. 24, 2010). "Sameness" in the latter context is a matter
for legislative intent. Id. "'With respect to cumulative sentences imposed in a single trial,
the Double Jeopardy Clause does no more than prevent the sentencing court from
prescribing greater punishment than the legislature intended." Id. (quoting Missouri v.
Hunter, 459 U.S. 359, 366 (1983)).

 "[T]he protection against double jeopardy is inapplicable where separate and distinct
offenses occur during the same transaction." Spradling v. State, 773 S.W.2d 553, 556
(Tex. Crim. App. 1989); Sanchez v. State, 269 S.W.3d 169, 170 (Tex. App.-Amarillo 2008,
pet. ref'd). When "there are two victims, a separate victim for each offense, the acts,
though occurring at the same time and place, constitute separate offenses involving
separate issues of law, and separate prosecutions are not barred by former jeopardy." 
Spradling, 773 S.W.2d at 556. Appellant argues that although more than one child may
be present when an accused engages in the conduct that the indecency-with-a-child-by-exposure statute prohibits, only one offense occurs because "neither the child's awareness
of the perpetrator's presence and/or the witnessing of the perpetrators [sic] anus or any
part of the person's genitalia is a required element of the charge." However, the Double
Jeopardy Clause "does not restrict a legislature from carving as many offenses as it
chooses from one transaction so long as each offense requires proof of a fact which the
other does not." Phillips v. State, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990) (internal
quotation marks omitted).

 A case that aids us in our analysis of appellant's argument is Baggett v. State, 860
S.W.2d 207 (Tex. App.-Houston [1st Dist.] 1993, no pet.). In that case, Grady Baggett,
at the same time and place, approached four people--two children and two adults--and
exposed his genitals to all of them. Id. at 208. After he pleaded guilty to one count of
indecent exposure with respect to one of the adults, he was indicted for two counts of
indecency with a child by exposure--one count for each child. Id. Baggett filed a pre-trial
motion to dismiss the indictment on the ground that because he had already pleaded guilty
to one count of indecent exposure and, because double jeopardy barred prosecution for
both counts of indecency with a child by exposure. Id. The trial court denied the motion
to dismiss, and after pleading nolo contendere to both counts of indecency with a child by
exposure, Baggett appealed the two convictions for indecency with a child by exposure,
arguing that his conviction for one count of indecent exposure precluded subsequent
prosecution for two counts of indecency with a child by exposure. Id. In rejecting this
argument, the appellate court stated:

 The State would have been justified in indicting, prosecuting, and
punishing [Baggett] for four acts of indecent exposure or two acts of indecent
exposure and two acts of indecency with a child. The essence of this
multiple prosecution is that each offense required proof of a fact that the
others did not: the identity of the victim. Because each victim in the two
convictions was different, each conviction was based on a separate offense. 
Therefore, [Baggett's] right to be protected against multiple prosecutions and
punishments for the same offense was not violated.


Id. at 209.

 A person commits the offense of indecency with a child by exposure if the person,
with intent to arouse or gratify the sexual desire of any person, exposes the person's anus
or any part of the person's genitals, knowing that the child is present. See Tex. Penal
Code Ann. § 21.11(a)(2)(A) (emphasis added). Thus, the statute provides a distinct
offense against each child present by a single act of exposure. Proof of an identifiable
child as an additional element of the statute is required, and thus an offense against each
child present would constitute a separate crime. See Baggett, 860 S.W.2d at 209. Thus,
double jeopardy does not bar multiple punishments or prosecutions for the same act of
indecency with a child by exposure when three different children are involved. Issue two
is overruled.

III. Ineffective Assistance of Trial Counsel


 In his third issue, appellant contends that he was denied his right to effective
assistance of trial counsel. See U.S. Const. amend. VI. Specifically, he states that he
"was denied effective assistance of counsel and was given erroneous advice from counsel
that may have induced or caused him to plea guilty instead of proceeding to trial."

A. Standard of Review

 When a defendant enters his or her plea upon counsel's advice and subsequently
challenges the voluntariness of the plea on the basis of ineffective assistance of counsel,
the voluntariness of the plea depends on "(1) whether counsel's advice was within the
range of competence demanded of attorneys in criminal cases and if not, (2) whether there
is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty
and would have insisted on going to trial." Ex parte Morrow, 952 S.W.2d 530, 536 (Tex.
Crim. App. 1997) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)); Forcey v. State, 265
S.W.3d 921, 925 (Tex. App.-Austin 2008, no pet.). Under the first part of the test, a
defendant must overcome a strong presumption that trial counsel was competent. Mitich
v. State, 47 S.W.3d 137, 141 (Tex. App.-Corpus Christi 2001, no pet.) (citing Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). Under the second part of the test,
we consider both the circumstances surrounding the plea and the gravity of the
misrepresentation as it pertained to the defendant's plea determination. Id. (citing Ex parte
Moody, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999)).

B. Analysis

1. Advice With Respect To Community Supervision

 During the punishment hearing, while appellant was on the witness stand, defense
counsel asked him, "Now, you understand because this is a 3G offense you're not eligible
for probation from the judge?". In response, appellant said, "I understand. I understand." 
During closing argument, defense counsel argued to the trial court, "I wish I could ask the
Court for probation on this case but I can't. Not to say the Court would even consider it,
but I wish I could ask you for it." Based upon these remarks, appellant contends that trial
counsel wrongly advised both him and the trial court that the crime of indecency with a
child by exposure was a "3G offense," making him ineligible for community supervision.

 Article 42.12, Section 3(a) of the Texas Code of Criminal Procedure broadly
authorizes a trial judge, after a guilty plea, to place an eligible defendant on community
supervision whenever he or she deems it "in the best interest of justice, the public, and the
defendant" to do so. Ivey v. State, 277 S.W.3d 43, 45 (Tex. Crim. App. 2009); see Tex.
Code Crim. Proc. Ann. art. 42.12, § 3(a) (Vernon Supp. 2009). Article 42.12, section 3g
limits the offenses for which the trial court can order community supervision. Section 3g(a)
states that "[t]he provisions of Section 3 of this article do not apply: (1) to a defendant
adjudged guilty of an offense under: . . . (c) Section 21.11(a)(1), Penal Code (Indecency
with a child); . . . ." Id. § 3g(a)(1)(c). Article 42.12, Section 3g(a)(1)(c) specifically refers
to indecency with a child by contact (7); the statute does not refer to indecency with a child
by exposure. Thus, trial counsel incorrectly advised appellant and the trial court that
appellant was ineligible for community supervision. However, the record does not show
that even if trial counsel had correctly advised appellant concerning his eligibility for
community supervision, there is a reasonable probability that, but for counsel's error,
appellant would not have pleaded guilty and would have insisted on going to trial. "Any
allegation of ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996).

 With respect to trial counsel's incorrect statement to the trial court concerning
appellant's eligibility for community supervision, the granting of community supervision is
a privilege, not a right, and the decision to grant community supervision is wholly
discretionary. Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). The record does
not show that had trial counsel correctly stated to the trial court that appellant was eligible
for community supervising, the trial court would have placed him on community
supervision. Thus, appellant has failed to show that but for counsel's error, the result of
the proceeding would have been different. See Smith v. State, 286 S.W.3d 333, 340 (Tex.
Crim. App. 2009) (stating that to establish the prejudice prong of Strickland, (8) a defendant
"must show there is a reasonable probability that, but for his counsel's unprofessional
errors, the result of the proceeding would have been different.") (internal quotation marks
omitted). Because we are limited to the record before us, the record must support
appellant's assertions. McFarland, 928 S.W.2d at 500.

2. Failure to Advise Appellant about Double Jeopardy


 Appellant contends that he received ineffective assistance of trial counsel because
"counsel failed to advise [him] that a double jeopardy claim may exist to bar the multiple
prosecutions for the one single crime." However, the record does not demonstrate that
counsel failed to advise appellant about this aspect of double jeopardy. Because we are
limited to the record before us, the record must support appellant's assertions. McFarland,
928 S.W.2d at 500.

3. Failure to Object or File Pre-trial Motion

 Appellant contends that he received ineffective assistance of trial counsel because
counsel 1) did not file a pre-trial motion regarding a possible double-jeopardy challenge,
or 2) did not orally object either before or during the plea hearing regarding a possible
double jeopardy challenge. "The constitutional right to counsel does not mean errorless
counsel whose competency or accuracy of representation is to be judged by hindsight." 
Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). We have already held that
there was no double jeopardy violation--so there was no error in failing to request a ruling
on double jeopardy or failing to advise the defendant of that possibility. Trial counsel may
have concluded that double jeopardy was not violated, or trial counsel may have decided
not to object or file a pre-trial motion for reasons of trial strategy. If counsel's reasons for
his conduct do not appear in the record and there is "at least the possibility" that the
conduct could have been grounded in legitimate trial strategy, we will defer to counsel's
decisions and deny relief on an ineffective-assistance claim on direct appeal. Garza v.
State, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). We hold that appellant failed to rebut
the presumption that counsel acted reasonably. See Scheanette v. State, 144 S.W.3d
503, 509 (Tex. Crim. App. 2004) (stating that "[a]ppellate review of defense counsel's
representation is highly deferential and presumes that counsel's actions fell within the wide
range of reasonable and professional assistance"). Issue three is overruled.

IV. Conclusion


 We affirm the trial court's judgment.

 

 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 15th

day of April, 2010.
1. Except for the victim's name, each count was identical and alleged that appellant "on or about MAY
23, 2005, in Nueces County, Texas, did then and there with the intent to arouse and gratify the sexual desire
of the defendant, intentionally or knowingly expose the defendant's GENITALS knowing that [victim], a child
younger than 17 years and not the spouse of the defendant, was present. . . ." (emphasis in original).
2. First, the State calls our attention to the following colloquy between appellant and his defense
counsel:


 Counsel: [D]o you understand why you're hear today?


 Appellant: Yes, sir.


 Counsel: What do you think of the crime that you just pled guilty to?


 Appellant: I'm very ashamed.


 * * * *


 Counsel: I don't believe they're present today in the courtroom, but what would you
have to say to the parents of the victims of the offense?


 Appellant: I would tell them that I'm here today proceeding in the manner that I am
because I want to do things differently. I want to take responsibility for--


 Counsel: Okay.


 Appellant: ---for things.


Next, the State points to the following colloquy between appellant and the prosecutor:

 Prosecutor: How--would you consider this a secretive crime?


 Appellant: Secretive? No. I mean, anybody can look up my record. I mean, it's--


 Prosecutor: No, but I mean the type of crime where you're not a name. Obviously, your
name's not on your chest. You just expose yourself and then take off. Is
that not secretive?


 Appellant: I don't see how. I'm going to forever wear a scarlet letter on my chest now.


 * * * * 


 Prosecutor: How would you feel if somebody walked up and did that--what you did to
those three children in 2005, if you did that--somebody did that to your
children, your 11-year-old girl, how would you feel?


 * * * *


 Appellant: Well, I myself am here pleading guilty, and if it happened to my child, I would
call the police and I would have him arrested because I'm a human and I
make mistakes. So I would do--take the proper procedure and I would--I
would just do that. Because it's not my--it's not my position to judge.

 

 * * * *


 Prosecutor: I mean, should a--should a nine-year-old girl and two six-year-old girls who
were the victims--or two nine-year-olds and one six-year-old who were the
victims of your crime, should they be forced to look at a grown man
masturbating in an open car?


 Appellant: Well, I was there. It wasn't--it wasn't necessarily my--I didn't go there with
that in mind or anything. 


 Prosecutor: You did it though. Should they have to look? Should they be exposed to
that; yes or no?


 Appellant: No, they shouldn't.
3. The crime of indecency with a child by exposure consists of the following elements: 1) that the child
was younger than seventeen years and not married to the accused; 2) that a child was present; 3) that the
accused had the intent to arouse or gratify someone's sexual desire; 4) that the accused knew a child was
present; and 5) that the accused exposed his anus or genitals. See Tex. Penal Code Ann. § 21.11(a)(2)(A)
(Vernon Supp. 2009);Yanes v. State, 149 S.W.3d 708, 710 (Tex. App.-Austin 2004, pet. ref'd).
4. See Menefee v. State, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).
5. See also Emmert v. State, No. 07-08-0456-CR, 2009 WL 5823613, at *3 (Tex. App.-Amarillo Feb.
10, 2010, no pet. h.) (mem. op., not designated for publication) (stating that "[e]ven if the trial court erred in
failing to receive evidence sufficient to substantiate [Emmert's] plea under article 1.15, such error would be
subject to harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure.") (citing
Menefee, 287 S.W.3d at 18). 
6. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for
the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.
7. Section 21.11 of the penal code provides, in relevant part, that: "(a) A person commits an offense
if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person: (1)
engages in sexual contact with the child or causes the child to engage in sexual contact; . . . ." Tex. Penal
Code Ann. § 21.11(a)(1) (Vernon Supp. 2009).
8. See Strickland v. Washington, 466 U.S. 668 (1984).