**Opinion issued May 27, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-18-01059-CR & 01-18-01062-CR

————————————

**DAMION VAN FLOWERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Case Nos. 15-DCR-070028B & 15-DCR-070030**

---

**O P I N I O N**

Damion Van Flowers appeals from two judgments of conviction, one for aggravated robbery and one for possession of a controlled substance in a drug-free zone, contending that the trial court erred in assessing his punishment for the latter offense by failing to apply the correct punishment range. Van Flowers requests that

we modify the trial court's judgment of conviction for the drug offense to impose the minimum punishment permissible under the correct range of punishment.

While we agree that the trial court erred in assessing punishment for the drug offense, we decline to modify the trial court's corresponding judgment of conviction. Instead, we affirm both judgments of conviction but reverse solely as to punishment with respect to the drug offense and remand that cause to the trial court to assess punishment under the correct punishment range for the offense.

## BACKGROUND

A grand jury issued two indictments against Van Flowers. The first accused Van Flowers of aggravated robbery. *See* TEX. PENAL CODE § 29.03(a)(2). The second accused him of felony possession of a controlled substance, methamphetamine, weighing 4 grams or more but less than 200 grams in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE §§ 481.115(d), 481.134(c). Both indictments included an enhancement paragraph based on his prior conviction for the third-degree felony offense of escape. *See* PENAL §§ 12.42(b)–(c), 38.06(a), (c).

Van Flowers pleaded guilty to both crimes and true to the enhancement allegations. During the punishment hearing, Van Flowers testified that he was under the influence of Xanax, cocaine, and PCP when he committed the offenses. Though he pleaded guilty, Van Flowers stated that he did not intend to rob his victim, claiming that his victim thought he was being robbed when Van Flowers entered his

2

garage brandishing a knife. Van Flowers was apprehended by peace officers at a convenience store shortly afterward. He resisted arrest, and one of the officers subdued him with a taser. When the officers took Van Flowers into custody, he had drugs in his possession.

The prosecutor, defense, and trial court agreed that the statutory minimum punishment for each offense was 15 years' imprisonment. The trial court assessed punishment at 15 years' imprisonment for each offense. It also ordered that the two sentences run consecutively, as required by statute. *See* HEALTH & SAFETY § 481.134(h) (punishments increased because drug offense occurs in drug-free zone "may not run concurrently with punishment for a conviction under any other criminal statute"). When Van Flowers expressed dismay at the severity of the punishment, the trial court explained that it had assessed the minimum punishment allowed by law.

## DISCUSSION

Van Flowers contends that the trial court erred in calculating the statutory minimum punishment for the drug offense. He maintains that the correct minimum punishment for this offense is 10 years' imprisonment. He further contends that the record shows the trial court intended to sentence him to the statutory minimum for both the aggravated robbery and the drug offense. Accordingly, Van Flowers asks that we reform the trial court's judgment to impose 10 years' imprisonment for the

drug offense. The State agrees that we should modify the judgment as Van Flowers urges.

## Applicable Law

### *Confession of Error*

We give due consideration to the State's confession of error, but its confession is not dispositive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). We must independently assess the merits of an appellant's claim of error. *Id.*; *accord Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) (proper administration of criminal law cannot be left to stipulation of parties); *see, e.g.*, *Neale v. State*, 525 S.W.3d 800, 810–13 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (independently analyzing issue and affirming despite State's confession of error).

### *Modification of Judgments*

The rules of appellate procedure authorize us to "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b). Under the rules, an appellate court may "reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We may likewise delete such a finding to accurately reflect the record. *Malbrough v. State*, 612 S.W.3d 537, 563–64 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd).

Consistent with our authority to modify a judgment to include or delete an

affirmative finding, we have modified judgments to correct errors with respect to:

- court costs and fees;

- deadly-weapon findings;

- the defendant's name;

- the offense of conviction;

- appeal waivers;

- the defendant's plea to enhancement allegations;

- enhancement-allegation findings;

- family-violence findings;

- period of community supervision;

- fines;

- the imposition of court-appointed counsel's fees;

- credit for time served;

- the degree of felony of the offense of conviction;

- conflicts between the trial court's oral pronouncement of punishment from the bench and the written judgment;

- the defendant's plea to the indicted offense;

- the identity of the person to whom the defendant must pay restitution; and

- conflicts between the punishment assessed by the jury and the punishment stated in the trial court's judgment.

*See, e.g.*, *Pacas v. State*, 612 S.W.3d 588, 596–97 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (court costs); *Malbrough*, 612 S.W.3d at 563–64 (deadly-weapon finding); *Tiscareno v. State*, 608 S.W.3d 434, 443 (Tex. App.—Houston [1st Dist.]

2020, pet. ref'd) (defendant's name); *Cazarez v. State*, 606 S.W.3d 549, 557–58 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (offense); *Edwards v. State*, 497 S.W.3d 147, 164 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (plea to enhancement allegations); *Morris v. State*, 496 S.W.3d 833, 835–36 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (appeal waiver); *Dromgoole v. State*, 470 S.W.3d 204, 226–27 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (trial court's enhancement finding); *Montano v. State*, 433 S.W.3d 694, 697–98 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (court costs and fees); *Jones v. State*, 428 S.W.3d 163, 171–72 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (court-appointed counsel's fees); *Conner v. State*, 418 S.W.3d 742, 744–45 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (fine and credit for time served); *Agbogwe v. State*, 414 S.W.3d 820, 839–41 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (family-violence finding, period of community supervision, and amount of fine); *Castillo v. State*, 404 S.W.3d 557, 564–65 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (degree of felony, plea to enhancement allegations, and trial court's enhancement findings); *Donovan v. State*, 232 S.W.3d 192, 197 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (conflict between trial court's oral pronouncement of punishment and written judgment); *Campbell v. State*, 227 S.W.3d 326, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (defendant's plea to offense); *Tyler v. State*, 137 S.W.3d 261, 267–68 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (person owed restitution); *Nolan v.*

*State*, 39 S.W.3d 697, 698–99 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (offense, defendant's name, and conflict between punishment assessed by jury and punishment stated in trial court's judgment); *see also Deleon v. State*, Nos. 01-15-00927–28-CR, 2016 WL 6599622, at \*3 (Tex. App.—Houston [1st Dist.] Nov. 8, 2016, no pet.) (mem. op., not designated for publication) (defendant's plea to motions to adjudicate); *Durr v. State*, No. 01-13-00256-CR, 2015 WL 1245478, at \*2 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no pet.) (per curiam) (mem. op., not designated for publication) (date of defendant's offense); *Garrison v. State*, Nos. 01-12-01144–46-CR, 2014 WL 2932854, at \*1 (Tex. App.—Houston [1st Dist.] June 26, 2014, pet. ref'd) (per curiam) (mem. op., not designated for publication) (date punishment assessed and deadly-weapon finding); *Haynes v. State*, No. 01-09-00380-CR, 2010 WL 5250881, at \*7 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, pet. ref'd) (mem. op., not designated for publication) (finding as to whether defendant represented self or was represented by counsel).

What these modifications have in common is that the record indisputably reflected an error readily correctable by reference to information in the record. Our authority to modify a trial court's judgment is not restricted to the correction of clerical errors. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Morris*, 496 S.W.3d at 836. But the record must supply us with the information necessary to show both that a modification is warranted and the particular modification that is

warranted. *See Tiscareno*, 608 S.W.3d at 443 (appellate court can modify judgment when it has information necessary to do so). If the record does not do both, we cannot modify the trial court's judgment. *See, e.g.*, *Broussard v. State*, 226 S.W.3d 619, 621–22 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (court could not modify judgment to credit time served when record lacked necessary information).

**Analysis**

Absent an express waiver, a criminal defendant has the right to have his punishment assessed in light of the correct range of punishment. *Grado v. State*, 445 S.W.3d 736, 741–43 (Tex. Crim. App. 2014). A trial court errs if it fails to do so, and a defendant can raise this error for the first time on appeal. *Id.*

The record shows the trial court erred by assessing punishment under an incorrect punishment range because it was mistaken as to the minimum punishment allowable by law. The trial court, with the concurrence of the prosecutor and defense counsel, concluded that the statutory minimum punishment for the drug offense was 15 years' imprisonment. When Van Flowers himself asserted that the minimum was 10 years' imprisonment, the trial court disagreed.

But Van Flowers was right. Possession of 4 or more grams but less than 200 grams of methamphetamine is a second-degree felony, which ordinarily is punishable by a term of imprisonment between 2 and 20 years. HEALTH & SAFETY § 481.115(a), (d); PENAL § 12.33(a). Because Van Flowers previously had been

8

convicted of a third-degree felony, escape, his drug offense was enhanced to a first-degree felony, which ordinarily is punishable by a term of imprisonment between 5 and 99 years. PENAL §§ 12.32(a), 12.42(b). And because Van Flowers committed the drug offense within 1,000 feet of a school, youth center, or playground, the minimum term of imprisonment was increased by 5 years. HEALTH & SAFETY § 481.134(c). Thus, the minimum punishment for the drug offense was 10 years' imprisonment.

The record, however, does not show that the trial court intended to assess punishment at the statutory minimum term of imprisonment no matter what the minimum happened to be. During the punishment hearing, Van Flowers protested that the minimum punishment for the drug offense was 10 years and that the imposition of two cumulative 15-year terms was unjust. The trial court responded, in part, by stating that it gave Van Flowers "the minimum sentence" that it "possibly could," given the statutory minimums of 15 years for both offenses and the statutory requirement that the punishment for the drug offense be cumulative. But the trial court did not state or otherwise suggest that it:

- would have assessed a punishment of less than 15 years' imprisonment for the drug offense if the law allowed the court to do so;

- intended to assess the statutory minimum punishment for the drug offense no matter what the statutory minimum turned out to be; or

- would have assessed a punishment of 10 years' imprisonment for the drug offense if that had been the applicable statutory minimum.

9

In fact, the record lacks any indication as to what punishment the trial court would have assessed for the drug offense had the court correctly analyzed the law.

The parties essentially ask us to modify the trial court's judgment to reflect an ostensible intent the court did not clearly express. But mindreading is not a proper basis for modification. We can modify a judgment only if the record gives us the information required to do so. The record before us does not.

While there is a correct range of punishment in a given case, including this one, there is not a correct punishment within that range. *See Barrow v. State*, 207 S.W.3d 377, 379–80 (Tex. Crim. App. 2006). Instead, the assessment of punishment is a normative, discretionary decision. *Id.* Unless the trial court explicitly states its reasoning on the record, we neither know the basis for its punishment decision nor what it would have decided if the law permitted a lesser punishment. *See Smith v. State*, 286 S.W.3d 333, 344 (Tex. Crim. App. 2009). Here, the trial court stated only that it was assessing the statutory minimum punishment for the drug offense. It did not elaborate on whether it would have assessed less punishment if the law allowed it to do so.

Past decisions in which we have modified a judgment to correct a defendant's punishment underscore why doing so is not possible here. In *Donovan*, for example, the trial court assessed the defendant's punishment at 45 years' imprisonment from the bench but provided for 40 years' imprisonment in its written judgment. 232

10

S.W.3d at 197. Applying the blackletter rule that a trial court's oral pronouncement of sentence prevails over conflicting terms in the written judgment, we modified the judgment to conform to the trial court's oral pronouncement. *Id.*; *see also Edwards v. State*, 178 S.W.3d 139, 146–47 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (modifying judgment assessing 18 months' imprisonment to reflect 16 months' imprisonment assessed from bench). Similarly, in *Nolan*, the jury's verdict assessed the defendant's punishment at 50 years' imprisonment, but the trial court's judgment provided for 40 years' imprisonment. 39 S.W.3d at 698–99. Because the discrepancy between verdict and judgment resulted from a clerical error, we modified the judgment to conform to the jury's verdict. *Id.* at 699. These decisions, unlike this case, turned on unambiguous information memorialized in writing in the record rather than an evaluation of the unexpressed intent of the trial court.

Neither Van Flowers nor the State direct our attention to a decision in which a court of appeals has modified a judgment under like circumstances. Van Flowers cites *Ramirez v. State*, in which the Seventh Court corrected two clerical errors apparent on the face of the record—that the defendant had pleaded not guilty to the indictment, rather than guilty, and was convicted of aggravated assault of a public servant under section 22.02(b)(2)(B) of the Penal Code, rather than section 22.02(b)(2). 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd). He also cites *Lopez v. State*, in which our sister court modified the judgment because there

was "a variance between the oral pronouncement of sentences and the judgments." 515 S.W.3d 547, 549–50 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Neither *Ramirez* nor *Lopez* involved the imposition of a different term of imprisonment by the appellate court based on its evaluation of the trial court's unstated intent.

The State, in turn, relies on *Forcey v. State*, in which the trial court assessed a fine of $10,000 even though the State and defendant had agreed in a plea bargain that the maximum amount of any fine would be $2,000. 265 S.W.3d 921, 923 (Tex. App.—Austin 2008, no pet.). At a later hearing on the defendant's habeas petition, the trial court made findings of fact, finding that it had intended to abide by the plea bargain and had not been aware of the agreed cap on the fine amount. *Id.* at 924. The trial court further found that if the parties had told it about the cap, it would have reformed the judgment to reduce the fine to $2,000. *Id.* The Third Court therefore modified the judgment to reflect the trial court's findings. *Id.* at 925.

On its face, *Forcey* materially differs from the situation at bar. In *Forcey*, the trial court stated its intent in formal findings of fact. *Id.* at 924–25. Had it known of the plea bargain's term about the fine, its judgment would have conformed to the bargain. *Id.* In contrast, the trial court never stated it would have assessed Van Flowers's punishment at 10 years' imprisonment had it known 10 years was the statutory minimum. *Forcey* actually undermines Van Flowers and the State's shared position by illustrating how unambiguous the evidence of the trial court's intent must

12

be for an appellate court to modify the punishment assessed.

On the far more limited record before us, the parties' request that we modify the trial court's punishment is tantamount to asking us to reassess punishment in light of the correct range. This we cannot do. The assessment of punishment is the exclusive prerogative of the trial court. TEX. CODE CRIM. PROC. art. 37.07, § 2(b); *see Quick v. State*, 557 S.W.3d 775, 791 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (appellate court cannot substitute its judgment for trial court's as to assessment of particular punishment). It is the trial court that saw and heard Van Flowers testify firsthand at the punishment hearing. Consequently, the trial court alone is capable of making the kind of credibility assessments integral to deciding what punishment within the permissible range is appropriate. *See Thomas v. State*, 551 S.W.3d 382, 387 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (when trial court sits as factfinder in punishment hearing, it weighs witness credibility).

Instead, as we held in *State v. Rowan*, the proper remedy under these circumstances is a limited remand to the trial court for a new punishment hearing to reassess punishment in light of the correct range of punishment. 927 S.W.2d 116, 117–18 (Tex. App.—Houston [1st Dist.] 1996, no pet.). In *Rowan*, the trial court erred in applying the range of punishment for Class A misdemeanors rather than the range for Class B misdemeanors that actually applied. *Id.* at 118. Though the punishment the trial court assessed fell within the permissible range for a Class B

13

misdemeanor, we reversed the trial court's judgment as to punishment and remanded the cause for a new punishment hearing so the trial court could assess an appropriate punishment in light of the correct range of punishment. *Id.* We held that we could not presume that the trial court would have assessed the same punishment had it understood the correct range. *Id.*

The same is true here. The trial court thought the range of punishment was between 15 to 99 years when it actually was between 10 to 99 years. In assessing punishment at 15 years' imprisonment, the trial court assessed a punishment that lies within the permissible range of punishment. But the record does not disclose whether the trial court would have assessed the same or a different punishment had it understood the correct punishment range. Thus, a new punishment hearing is required to allow the trial court to assess punishment under the correct range.

## CONCLUSION

In Van Flowers's appeal from Trial Court Case No. 15-DCR-070028B, we affirm the trial court's judgment as to his conviction but reverse the trial court's judgment as to his punishment and remand the cause to the trial court for a new punishment hearing at which the trial court shall assess punishment within the correct range of punishment, which is 10 to 99 years of imprisonment.

In Van Flowers's appeal from Trial Court Case No. 15-DCR-070030, which pertains to his conviction for aggravated robbery, he has not asserted any error with

14

respect to the trial court's judgment. We therefore affirm the trial court's judgment in its entirety with respect to Van Flowers's conviction for aggravated robbery.


Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

Publish. TEX. R. APP. P. 47.2(b).