ACCEPTED
12-14-00130-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/11/2015 9:20:52 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00130-CR

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/11/2015 9:20:52 PM
CATHY S. LUSK
Clerk

---

JAWORSKI ADKINS,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-1676-13
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
  Jaworski Adkins

APPELLANT'S TRIAL COUNSEL
  A. Melvin Thompson
  2108 South Wall Street
  Tyler, Texas 75701
  903-596-7856

APPELLANT'S APPELLATE COUNSEL
  James Huggler
  100 E. Ferguson, Suite 805
  Tyler, Texas 75702
  903-593-2400
  903-593-3830 (fax)

APPELLEE
  The State of Texas

APPELLEE'S TRIAL COUNSEL
  Jacob Putman
  Chris Gatewood
  Smith County Criminal District Attorney's Office
  100 N. Broadway, 4th Floor
  Tyler, Texas 75702
  903-590-1720
  903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
  Michael West
  Smith County Criminal District Attorney's Office
  100 N. Broadway, 4th Floor
  Tyler, Texas 75702
  903-590-1720
  903-590-1719 (fax)

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE ONE: THERE WAS LEGALLY INSUFFICIENT
EVIDENCE TO FIND APPELLANT GUILTY OF THE
OFFENSE OF AGGRAVATED ROBBERY.

ISSUE TWO: THERE WAS LEGALLY INSUFFICIENT
EVIDENCE TO FIND THE USE OR EXHIBITION OF A
DEADLY WEAPON.

ISSUE THREE: THE JUDGMENT CONTAINS A CLERICAL
ERROR WHICH DOES NOT ACCURATELY REFLECT THE
TRIAL PROCEEDINGS.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUE TWO, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B. Law Requiring Display of Weapon. . . . . . . . . . . . . . . . . . . . . . . 5

    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUE THREE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE OF CRIM. PROC. ANN. Art. 42.01 §1 (Vernon 2013). . . . . . . . . 9

TEX. CODE OF CRIM. PROC. ANN. Art. 42.12§3g(a)(1)(F) (Vernon 2013). . 9

TEX. PENAL CODE ANN. §1.07(a)(17)(A) (Vernon 2013). . . . . . . . . . . . . 5

TEX. PENAL CODE ANN. §29.02(a)(2) (Vernon 2013). . . . . . . . . . . . . 5, 6, 8

TEX. PENAL CODE ANN. §29.03(a)(2) (Vernon 2013). . . . . . . . . 1, 2, 5, 8, 9


CASES

Banks v. State, 708 S.W.2d 460, 461-62 (Tex. Crim. App. 1986). . . . 9, 10

Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). . . . . . . . . . . 9

Cates v. State, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003). . . . . . . . . . 6

Forcey v. State, 265 S.W.3d 921, 925 (Tex. App. – Austin 2008,
     no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787
     61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). . . . . 4, 5

McCray v. State, 876 S.W.2d 214, 217 (Tex. App. – Beaumont 1994,
     no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Patterson v. State, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). . . . . . 6

Pitte v. State, 102 S.W. 3d 786, 792 (Tex. App. – Texarkana 2003, no
pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218,
     72 L.Ed.2d 652 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). . . . . . 9

Williams v. State, 827 S.W.2d 614, 616 (Tex. App. – Houston
     [1st Dist.] 1992, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RULES

Tex. R. App. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. R. App. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. Proc. 43.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

NO. 12-14-00130-CR

| JAWORSKI ADKINS, | § | IN THE COURT OF APPEALS |
|---|---|---|
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Jaworski Adkins ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC.38, et seq., respectfully submits this brief on appeal.

STATEMENT OF THE CASE

Appellant was indicted in cause number 114-1676-13 for the felony offense of Aggravated Robbery, a first degree felonies as alleged. I CR 1.[1]

TEX. PENAL CODE ANN. §29.03(a)(2) (Vernon 2013). A jury was selected,

---

[1] The Clerk's Record is designated "CR" with an arabic numeral following "CR" specifying the correct page in the record. The record for trial cause number 114-0329-09 is designated "CR-A"; the record in trial cause number 114-0330-09 is designated "CR-B"; and the trial cause number in 114-0331-09 is designated "CR-C".

1

and following evidence and argument of counsel found Mr. Adkins guilty

of the aggravated robbery as charged in the indictment. I CR 95; XI RR

55.[2] Following the punishment phase of trial, the jury assessed a sentence

of twenty-two years with no fine. I CR 119; XII RR 62. Notice of appeal

was timely filed. I CR 131. This brief is timely filed on or before January

12, 2015 following proper extension by this Court.

## ISSUE PRESENTED

ISSUE ONE: THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO
FIND APPELLANT GUILTY OF THE OFFENSE OF AGGRAVATED
ROBBERY.

ISSUE TWO: THERE WAS LEGALLY INSUFFICIENT EVIDENCE
TO FIND THE USE OR EXHIBITION OF A DEADLY WEAPON.

ISSUE THREE: THE JUDGMENT CONTAINS A CLERICAL ERROR
WHICH DOES NOT ACCURATELY REFLECT THE TRIAL
PROCEEDINGS.

## STATEMENT OF THE FACTS

Appellant was indicted in cause number 114-1676-13 and charged

with the first degree felony offense of Aggravated Robbery. I CR 1. TEX.

---

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding
"RR" indicating the volume and an arabic numeral following "RR" specifying the correct page.

2

PENAL CODE ANN. §29.03(a)(2) (Vernon 2013).

Mr. Adkins had a jury trial on both the issue of guilt and punishment. This indictment occurred on October 11, 2013 and involved an incident at the Conoco Crews 'n Buy Mart in Lindale, Texas. X RR 16. Claudette Phelps and Darthia Murray were clerks at the store. Mr. Adkins came in, and after speaking with one of the clerks, reached into the register and grabbed money. X RR 32.

Following evidence, the jury found Mr. Adkins guilty of the offense of aggravated robbery. I CR 95; XI RR 55. Following punishment evidence presented by both the State and Mr. Adkins, the jury assessed a sentence of 22 years confinement. I CR 119; XII RR 62.

A further discussion of the facts is included in the argument section of this brief.


## SUMMARY OF ARGUMENT

The major issue in this case are the use or exhibition of a deadly weapon. In the first two issues, Appellant states that the evidence is legally insufficient to establish the element of use or exhibition of a deadly

3

weapon. The judgment for aggravated robbery in that case should be reversed.

The final issue raised by Appellant relates to the incorrect finding of the use of a deadly weapon in the judgment, when there was no finding by the jury to support that finding.

## ARGUMENT

**ISSUE ONE, RESTATED: THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF THE OFFENSE OF AGGRAVATED ROBBERY.**

**ISSUE TWO, RESTATED: THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND THE USE OR EXHIBITION OF A DEADLY WEAPON.**

### A. Standard of Review

Appellant contends that the evidence is legally insufficient to support the verdict. The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim.

4

App. 1993). The evidence is examined in the light most favorable to the verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

### B. Law Requiring Display of Weapon

A person commits robbery if, "in the course of committing theft . . . and with intent to obtain or maintain control of the property," he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. §29.02(a)(2) (Vernon 2013). A person commits aggravated robbery if he commits robbery and "uses or exhibits a deadly weapon." TEX. PENAL CODE ANN. §29.03(a)(2) (Vernon 2013). A firearm, which was alleged to have been used, is a deadly weapon per se. TEX. PENAL CODE ANN. §1.07(a)(17)(A) (Vernon 2013).

### C. Application to These Facts

The accused need not expressly threaten another or display a

5

weapon to commit robbery. It is sufficient to constitute robbery if the accused places the complainant in fear of bodily injury to the degree that 'reason and common experience' will likely induce the complainant to part with the property against his will. Pitte v. State, 102 S.W.3d 786, 792 (Tex. App. – Texarkana 2003, no pet.). Under the 'placed in fear' language in §29.02 . . ., the factfinder may conclude that an individual perceived fear or was 'placed in fear,' in circumstances where no actual threats were conveyed by the accused. Williams v. State, 827 S.W.2d 614, 616 (Tex. App. – Houston [1st Dist.] 1992, pet. ref'd).

The State alleged that Mr. Adkins used and or exhibited a deadly weapon in the case. I CR 1; TEX. PENAL CODE ANN. §29.03(a)(2) (Vernon 2013). The evidence must demonstrate that the deadly weapon was used or exhibited "during the transaction from which" the felony conviction is obtained. Cates v. State, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003). The use of a deadly weapon during the commission of an offense means that a deadly weapon was employed or utilized in order to achieve its purpose. Patterson v. State, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). Exhibition of a deadly weapon means the weapon was consciously shown or displayed during the commission of the offense. Id.

6

There is no dispute that the offense involving Ms. Phelps was a theft. However, Ms. Phelps only saw the gun after the theft was committed and Mr. Adkins had left the store. X RR 45-46. She reviewed the store's security video and saw no gun. X RR 45-46. The other clerk, Ms. Darthia Muray did not see a gun. X RR 61. Mr. Adkins did not display a weapon during the theft, and not make a statement that indicated he had a weapon. X RR 78. At best, he intimidated her by committing the theft. X RR 79. He did not point a gun at her, did not threaten to shoot her, and did not use a gun during the theft. X RR 79.

Other witnesses who testified also did not see a gun in the store during the theft. Ms. Brittany Murray reviewed the statement she gave officers and testified that she did not see a gun in the store. X RR 100-101. Ms. Tawni Spencer did not see a gun when Mr. Adkins was inside at the register. X RR 119.

## D. Conclusion

Unless a weapon is actually displayed to an individual, a conviction for aggravated robbery cannot stand. While the elements of robbery can be met if during the course of a theft, a person is placed in fear of

imminent bodily injury, the elements of aggravated robbery require the use or exhibition of a deadly weapon. TEX. PENAL CODE ANN. §§29.02(a)(2) and 29.03(a)(2) (Vernon 2013). The threat of a firearm is not enough. The conviction for the offense of aggravated robbery should be reversed and an acquittal rendered on that charge of aggravated robbery.


ISSUE THREE: THE JUDGMENT CONTAINS A CLERICAL ERROR WHICH DOES NOT ACCURATELY REFLECT THE TRIAL PROCEEDINGS.

In this case, the final judgment reflects that an affirmative finding was made on the use of a deadly weapon. I CR 101. However, that issue was not submitted ot the jury in this case. This error should be corrected through modification of the judgments.

The jury found Appellant guilty of the offense of aggravated robbery, but the State included a separate paragraph in the indictment alleging the use of a deadly weapon. I CR 1. That issue was not submitted to the jury. I CR 80-95 and 109-119. The jury made no finding of a deadly weapon in either of those two cases. However, §29.03 is an aggravated felony specifically listed in the code of criminal procedure.

8

TEX. CODE CRIM. PROC. ANN. art. 42.12 §3g(a)(1)(F) (Vernon 2013).

A trial court's pronouncement of a sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration of the pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01 §1 (Vernon 2009); Banks v. State, 708 S.W.2d 460, 461-62 (Tex. Crim. App. 1986). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The trial court pronounced sentence at 22 years confinement and no fine. XII RR 62. Later in the proceedings, after the jury had been discharged, the court stated the sentence again and included language regarding a deadly weapon. XII RR 65. However, that was in error because of the lack of an affirmative finding by the jury.

The Court of Appeals may modify a trial court's judgment. TEX. R. APP. P. 43.2(b) (Vernon 2014). The courts of appeals have the authority to reform judgments, with said reformations not limited to merely clerical mistakes. Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). When the court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal.

Banks, 708 S.W.2d at 462.

A court of appeals modified a judgment to reflect the actual third degree offense of kidnaping rather than a higher offense.   McCray v. State, 876 S.W.2d 214, 217 (Tex. App. – Beaumont 1994, no pet.)  See also Forcey v. State, 265 S.W.3d 921, 925 (Tex. App. – Austin 2008, no pet.) (Judgment modified to reflect fine amount of $2,000 pursuant to plea agreement rather than $10,000 fine imposed).  Because the jury did not consider the issue of use of a deadly weapon,, this Court can modify the judgments to comport with the record.  TEX. R. APP. P. 43.2(b).

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the trial court's decision be reversed and judgment of acquittal rendered; or in the alternative, if this Court only sustains issue one or two, that the judgment be modified, and for other such relief as allowed by law.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number
00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR
APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been

forwarded to counsel for the State by regular mail on this the 11th day of

January, 2015.

/s/ James Huggler
James W. Huggler, Jr.

Attorney for the State:
Mr. Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,538 words as counted by Corel WordPerfect version x5.

/s/ James Huggler
James Huggler